**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **BROADCAST MUSIC, INC., et al.,** | **ORDER DENYING DEFENDANTS' MOTION TO AMEND ANSWER AND JURY DEMAND** |
| **Plaintiffs,** | |
| **v.** | |
| **CREATION CLUB, INC. d/b/a PLAN B/STAR BAR, et al.,** | **Case No. 2:06cv504** |
| **Defendants.** | **Judge Ted Stewart** |
| | **Magistrate Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Ted Stewart pursuant to 28 U.S.C. § 636(b)(1)(A).  Before the court is Creation Club, Inc. d/b/a Plan B/Star Bar, et al.'s (collectively "Defendants") Motion for Leave to Amend Answer and Jury Demand.[1]  The court has carefully reviewed the memoranda submitted by the parties.  Pursuant to the United States District Court Rule of Practice 7-1(f), the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.  *See* DUCivR 7-1(f).

Broadcast Music, Inc., et al. (collectively "Plaintiffs") consist of (1) a performing rights society that licenses the right to publicly perform copyrighted musical works on behalf of the copyright owners of those works and (2) the copyright owners of the various compositions that

---

[1]Docket No. 23.

are the subject of this lawsuit.  Defendants are the owners of an establishment in Park City, Utah,

where music is performed for the entertainment of its customers.  Plaintiffs have asserted nine

claims of copyright infringement against Defendants for allegedly playing music from Plaintiffs'

repertoire on various occasions in their establishment without a license to do so.

        In the instant motion, Defendants seek to add a twenty-ninth affirmative defense asserting

that Plaintiffs violated the 1966 Consent Decree, as modified in 1994, entered into between

Plaintiffs and the United States, which limits the fees that Plaintiffs can charge to licensees for

public performance of works from Plaintiffs' repertoire ("Broadcast Music Consent Decree").

Defendants assert that because they have timely filed the motion to amend and because leave to

amend pleadings shall be freely given, this court should grant said motion.

        Under rule 15(a) of the Federal Rules of Civil Procedure, leave to amend pleadings "shall

be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  However, leave to amend may

be denied where amendment would be futile.  *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365

(10th Cir. 1993).  Plaintiffs contend that allowing Defendants to amend their answer would be

futile on the following grounds.  First, Plaintiffs assert that Defendants have no standing to raise

a claim that Plaintiffs have violated the Broadcast Music Consent Decree because Defendants are

not a party to it.  Second, Plaintiffs assert that Defendants' proposed affirmative

defense–violation of the Broadcast Music Consent Decree–is not a valid defense to copyright

infringement.  Finally, Plaintiffs argue that objecting to the license fees charged by Plaintiffs is

not a valid defense to a claim of copyright infringement.

        The court agrees with Plaintiffs and has determined that allowing Defendants to amend

their answer to add the affirmative defense would be futile.  It is well settled that private parties have no standing to sue for enforcement of a government consent decree.  *See United States v. Am. Soc'y of Composers, Authors and Publishers*, 341 F.2d 1003, 1007 (2d Cir. 1965) (holding that a licensee who is not a party to a consent decree may not sue to enforce that decree).

Furthermore, asserting that Plaintiffs' licensing fees are unreasonable and/or violate the Broadcast Music Consent Decree is not a valid defense to copyright infringement.  *See Broad. Music, Inc. v. Rooster's Inc.*, 2006 U.S. Dist. LEXIS 5535, *15 (E.D. Ky., Mar. 29, 2006); *see also U.S. Songs, Inc. v. Downside Lenox, Inc.*, 771 F. Supp. 1220, 1225-26 (N.D. Ga. 1991) (citing *Wow and Flutter Music, Inc. v. Gato Gordo Enters.*, 1984 U.S. Dist. LEXIS 24522, *6 (S.D. Ill. Aug. 6, 1984) ("[A] dispute as to reasonableness of a license fee does not justify infringing on a valid copyright.")).  In a copyright infringement action similar to the case pending here, the District Court for the Eastern District of Kentucky granted summary judgment in favor of the plaintiff in that case, Broadcast Music, Inc., the same plaintiff in the instant case.  *See Broad. Music, Inc.*, 2006 U. S. Dist. LEXIS 5535, *21 (E.D. Ky., Mar. 29, 2006).  In that case, the defendants had alleged that the plaintiff's licensing fee was unreasonable.  *See id.* at *14-*15. While the court noted that the defendants had produced some evidence in support of their argument, the judge held that "disputes over reasonableness of a licensing fee do not constitute valid defenses to a copyright infringement suit."  *Id.* at *15 (citations omitted).

The court in that case further held that "the defendants had no basis to complain since they had not availed themselves of the proper mechanism by which to challenge [the plaintiff's] proposed license fee."  *Id.* (citations omitted).  Similarly, Defendants here also have no basis to

3

complain that Plaintiffs' licensing fees are unreasonable because Defendants failed to follow the

provisions set forth in the Broadcast Music Consent Decree for challenging licensing fees.

Specifically, section XIV of the Broadcast Music Consent Decree provides that if Broadcast

Music, Inc. and a prospective licensee cannot agree upon a fee, that prospective licensee may

submit an application to the Federal Court in the Southern District of New York for a

determination of a reasonable licensing fee. *See United States v. Broadcast Music, Inc.*, 1966

U.S. Dist. LEXIS 10449, 1966 Trade Cas. (CCH) P71, 941 (S.D.N.Y. 1966), *modified by* 1994

U.S. Dist. LEXIS 21476, 1996-1 Trade Cas. (CCH) P71, 378 (S.D.N.Y. 1994).  Defendants,

however, have never sought a determination of a reasonable fee through the appropriate

channels.

Based on the foregoing, the court **DENIES** Defendants' Motion for Leave to Amend

Answer and Jury Demand on the basis that the amendment would be futile.

**IT IS SO ORDERED.**

DATED this 6th day of March, 2007.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge